**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORRY MAURICE BROOKS | : | |
| | : | |
| Appellant | : | No. 1322 MDA 2025 |

Appeal from the Judgment of Sentence Entered October 31, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000229-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORRY MAURICE BROOKS | : | |
| | : | |
| Appellant | : | No. 1323 MDA 2025 |

Appeal from the Judgment of Sentence Entered October 31, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000230-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORRY MAURICE BROOKS | : | |
| | : | |
| Appellant | : | No. 1324 MDA 2025 |

Appeal from the Judgment of Sentence Entered October 31, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000881-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| CORRY MAURICE BROOKS | : |  |
|  | : |  |
| Appellant | : | No. 1325 MDA 2025 |

Appeal from the Judgment of Sentence Entered October 31, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001616-2023

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.: **FILED: JUNE 25, 2026**

Corry Maurice Brooks ("Brooks") appeals from the judgment of sentence imposed by the Lancaster County Court of Common Pleas ("trial court") following his negotiated guilty plea to two counts each of flight to avoid apprehension, terroristic threats, and intimidation of a witness, and one count each of aggravated assault, institutional vandalism, recklessly endangering another person, unauthorized use of automobiles and other vehicles, driving while operating privilege is suspended or revoked, and accidents involving damage to unattended vehicle or property.[1] Brooks' counsel, Attorney Kristen L. Weisenberger ("Counsel"), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we deny Counsel's

---

[1] 18 Pa.C.S. §§ 5126(a), 2706(a)(1), 4952, 2702(a)(6), 3307, 2705, 3928(a); 75 Pa.C.S. §§ 1543(b)(1)(ii), 3745(a).

- 2 -

petition to withdraw, vacate the judgment of sentence, and remand for resentencing in accordance with the negotiated guilty plea.

Based on the issues raised on appeal, a recitation of the underlying facts is unnecessary. The Commonwealth charged Brooks in four separate cases, and on October 31, 2025, Brooks entered into a negotiated guilty plea to the above crimes. In exchange for the plea, the Commonwealth agreed that Brooks' aggregate prison sentence would be five-and-a-half to fifteen years. Further, the parties agreed that in all four cases, Brooks was ineligible for recidivism risk reduction incentive ("RRRI"), boot camp, state drug treatment program, and short sentence parole. The trial court accepted the plea and sentenced Brooks in accordance with the negotiated agreement.[2]

Initially, Brooks did not file a post-sentence motion or a notice of appeal. On April 2, 2025, he filed a timely petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[3] The PCRA court appointed Brooks counsel, who filed a supplemental PCRA petition seeking the right to reinstate his post-sentence and appellate rights. On August 18, 2025, the PCRA court granted the petition; however, the order only reinstated Brooks' appellate rights. On

---

[2] Despite the negotiated plea, the written sentencing orders reflected that Brooks was RRRI eligible for some of the convictions. **See** Sentencing Order (230-2022), 10/31/2024 (aggravated assault and institutional vandalism); Sentencing Order (229-2022), 10/31/2024 (flight to avoid apprehension); Sentencing Order (1616-2023), 10/31/2024 (terroristic threats); Sentencing Order 881-2022, 10/31/2024 (intimidation of a witness/victim).

[3] 42 Pa.C.S. §§ 9541-9546.

August 21, 2025, Brooks nevertheless filed a post-sentence motion, which the trial court denied on September 11, 2025. On September 22, 2025, Brooks filed a notice of appeal to this Court at each docket.[4]

On January 5, 2026, Counsel filed an **Anders** brief and petition to withdraw in this Court. On February 3, 2026, Brooks filed a pro se response to Counsel's **Anders** brief.

---

[4] We note that Brooks' September 22, 2025 appeal was filed more than thirty days after his direct appeal rights were reinstated by the trial court on August 18, 2025. **See** Pa.R.A.P. 903(a) (noting that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); **see also Commonwealth v. Wright**, 846 A.2d 730, 734 (Pa. Super. 2004) ("When the trial court issues an order reinstating an appellant's appeal rights, the appellant must file the appeal within 30 days of the order reinstating the appeal rights."). Although there is no indication in the trial court's August 18, 2025 order that it restored his rights to file a post-sentence motion nunc pro tunc, the trial court, recognizing this omission, attempted to modify its order on November 12, 2025, to expressly reinstate his post-sentence motion rights as well. **See** Trial Court Order, 11/12/2025. Moreover, as stated above, the trial court ruled upon the post-sentence motion he filed and stated in the order that Brooks had thirty days from the day of that order to file timely appeals. **See** Trial Court Order, 9/11/2025. Brooks filed the instant appeals within thirty days of the September 11, 2025 order. This Court issued a rule to show cause as to why the appeals should not be quashed as untimely filed. Counsel filed a response, pointing to the trial court's November 12 order as proof of its intention to reinstate Brooks' post-sentence and direct appeal rights. We conclude that there was a breakdown in the operation of the court that excuses the untimely appeal because the trial court erroneously advised Brooks in its order denying the post-sentence motion that that he had thirty days from the date of that order to file an appeal. **See Commonwealth v. Flowers**, 149 A.3d 867, 872 (Pa. Super. 2016) (finding a breakdown in judicial process where trial court failed to provide correct information regarding the deadline for filing an appeal and further incorrectly provided that the appellant had an additional thirty-day appeal period from order denying motion for reconsideration).

When faced with an ***Anders*** brief, we may not review the merits of the underlying issues or allow counsel to withdraw without first evaluating whether counsel has complied with all requirements set forth in ***Anders*** and ***Santiago***. ***Commonwealth v. Yorgey*** 188 A.3d 1190, 1195 (Pa. Super. 2018). These are in place because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007).

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se, or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate brief on [a]ppellant's behalf).

***Id.*** (citations omitted).

Additionally, ***Santiago*** sets forth precisely what an ***Anders*** brief must contain:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer

- 5 -

to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

If counsel has substantially complied with the above requirements, it is then this Court's duty to conduct its own review of the record to determine whether there are any nonfrivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

We conclude that Counsel has complied with the requirements outlined above. Counsel filed a petition with this Court stating that after reviewing the record, she finds this appeal to be wholly frivolous. Application to Withdraw as Counsel, 1/5/2026. In conformance with *Santiago*, Counsel's brief includes a summary of the procedural history and facts of the case and discusses the issues she believes might arguably support Brooks' appeal. *See Anders* Brief at 5-7, 9-15. Counsel's brief further sets forth her conclusion that the appeal is frivolous and includes discussion of and citation to relevant authority in support of her conclusion. *Id.* at 15. Finally, Counsel sent a letter to Brooks advising him of his right to proceed pro se or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration. Application to Withdraw as Counsel, 1/5/2026, Exhibit A (Counsel's Letter to Brooks). Accordingly, we conclude that Counsel has

substantially complied with the procedural requirements for withdrawing from representation. *See Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa. Super. 2022).

We thus turn our attention to the issue Counsel raised in the *Anders* brief: "Whether the trial court erred in denying [Brooks'] request to modify his sentence[?]" *Anders* Brief at 4 (some capitalization changed).

In Brooks' pro se response to the *Anders* brief, he raises the following issue for our review:

> [Whether] the sentencing court err[ed] and/or abuse[d] its discretion when it imposed an illegal sentence on the appellant when the [trial] court issued a sentencing order that states that the appellant is eligible for RRRI, and also states that the appellant is not eligible for RRRI, resulting in an ambiguous sentence that is legally incongruous[?]

Pro Se Response to *Anders* Brief at 4 (cleaned up).

**Discretionary Aspects of Sentencing**

In the *Anders* brief, Brooks argues that trial court imposed an excessive sentence. This presents a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa. Super. 2003) (stating that a claim that the trial court imposed a manifestly excessive sentence is a challenge to the discretionary aspects of the sentence). Because he entered a negotiated guilty plea, we must examine the effect of this plea upon his discretionary sentencing claim.

> When the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that

sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

*Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations, quotation marks, brackets, and footnote omitted).

Brooks negotiated the terms of his guilty plea, including the specific duration of the sentence. *See* N.T., 10/31/2024, at 5-6; *see also* Written Plea Colloquy, 10/31/2024, at 2. The trial court accepted his plea and sentenced him to the agreed-upon sentence of five-and-a-half to fifteen years in prison. N.T., 10/31/2024, at 8. Because his guilty plea deal included a negotiated sentence, to which the trial court adhered to when sentencing Brooks, he is not able to challenge the discretionary aspects of his sentencing. *See Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (stating that when appellant has negotiated the "specific duration of the sentence" and "the trial court sentenced him to the agreed-upon sentence," the appellant "waived his discretionary aspects of sentencing claim"). Therefore, we agree with Counsel that Brooks' sentencing claim is frivolous.

### Legality of Sentence

In a pro se response to Counsel's *Anders* brief, Brooks argues that the trial court imposed an illegal sentence by issuing ambiguous sentencing orders that state he is eligible for RRRI on some convictions, but ineligible on other

convictions, but that "[t]he sentencing order that was sent to the [Department of Corrections ("DOC")] clearly lists something different, that [he] is not RRRI eligible." Pro Se Response at 10. In Brooks' pro se response, he attached a letter from the DOC which explained that the papers it received mark that he is both eligible and ineligible for RRRI. *See* Pro Se Response, Exhibit E (DOC Letter to Brooks).[5] Because the court made conflicting findings as to his RRRI eligibility, Brooks asserts that the sentence is illegal. *Id.* at 11, 12.

A challenge to a court's failure to impose an RRRI program sentence is a challenge to the legality of the sentence. ***Commonwealth v. Finnecy***, 135 A.3d 1028, 1033 (Pa. Super. 2016). Our standard of review for legality of sentencing claims is de novo and the scope of review is plenary. ***Commonwealth v. Cruz***, 320 A.3d 1257, 1272 (Pa. Super. 2024).

At the time of sentencing, "[t]he court shall determine if the defendant is eligible for a [RRRI] minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive)." 42 Pa.C.S. § 9756(b.1); *see also* 61 Pa.C.S. § 4505(a) ("At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender."). "Where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the

---

[5] We note that this letter has not been admitted into the record.

sentence is illegal." *Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa. Super. 2010).

In *Robinson*, the defendant had a bench trial based upon stipulated facts, which included an agreement regarding her sentence in the event of a conviction. *Id.* at 870. The trial court ultimately convicted the defendant, sentenced her to the agreed upon term of years, but refused her request to consider whether she was RRRI eligible, reasoning, inter alia, "because [the defendant] agreed to a sentence in the event she was found guilty, the RRRI did not apply to [her] sentence." *Id.* at 873. This Court held that the "imposition of a negotiated sentence does not conflict with the statutory scheme of the RRRI sentencing process and does not disqualify a defendant from eligibility." *Id.* at 875. Thus, this Court vacated the judgment of sentence and remanded "for a determination of whether [the defendant] is RRRI eligible." *Id.*

Here, the trial court did consider Brooks' eligibility and, ultimately, accepted the negotiated plea, which, in pertinent part, specified that he was ineligible for an RRRI sentence. N.T., 10/31/2024, at 2; Written Plea Agreement, 10/31/2024, at 1.[6] Unlike the defendant in *Robinson*, Brooks affirmatively waived his right to be considered for RRRI eligibility as part of

---

[6] As stated above, in addition to the plea colloquy, the parties entered into a separate written plea agreement in all four cases which articulated the agreed-upon sentence and Brooks' ineligibility for RRRI, boot camp, state drug treatment program, and short sentence parole.

his negotiated plea agreement with the Commonwealth. Therefore, we need not determine if Brooks could have been considered an eligible person under 61 Pa.C.S. § 4503 because the law is clear a defendant may waive statutory rights as part of a negotiated plea. **See Commonwealth v. Byrne**, 833 A.2d 729, 731, 735 (Pa. Super. 2003) (recognizing that a defendant has the ability "to waive valuable rights in exchange for important concessions by the Commonwealth when the defendant is facing a slim possibility of acquittal").

Despite the trial court's acceptance of the negotiated plea, it indicated that Brooks was eligible for RRRI on the written sentencing orders. **See** Sentencing Order (230-2022), 10/31/2024; Sentencing Order (229-2022), 10/31/2024; Sentencing Order (1616-2023), 10/31/2024; Sentencing Order (881-2022), 10/31/2024. Ordinarily, when there is a conflict between two sentencing pronouncements, the presumption is that the written order controls. **Commonwealth v. Chambers**, 310 A.3d 76, 94 (Pa. 2024). However, "when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the plea." **Commonwealth v. Parsons**, 969 A.2d 1259, 1268 (Pa. Super. 2009) (en banc). Therefore, the statement in the sentencing order that Brooks is RRRI eligible directly contradicts the accepted negotiated plea agreement, which renders the sentence illegal. **See Commonwealth v. Martinez**, 147 A.3d 517, 533 (Pa. 2016) (stating if a "term is part of the parties' plea agreement ... then the convicted criminal is entitled to specific

- 11 -

performance of the term"); *see also Commonwealth v. Townsend*, 693 A.2d 980, 983 (Pa. Super. 1997) (noting that the Commonwealth is entitled to "the full benefit of the [plea] agreement"). Accordingly, this is a nonfrivolous issue, requiring our remand to the trial court for resentencing in compliance with the negotiated plea agreement. *See Commonwealth v. Kersteter*, 877 A.2d 466, 467, 470 (Pa. Super. 2005) (requiring remand for resentencing where the sentence was not consistent with the negotiated guilty plea sentence).

Our independent review of the record reveals no additional nonfrivolous issues that should have been presented by Counsel. As the issue raised in Brooks' pro se response is nonfrivolous, and the record clearly shows that the trial court erred when it indicated Brooks' RRRI eligibility on the written sentencing order after it accepted his ineligibility as part of the negotiated plea deal, we remand for imposition of the sentence in accordance with in the parties' negotiated plea agreement. On that basis, Counsel's petition to withdraw is denied. *See Commonwealth v. Tukhi*, 149 A.3d 881, 890 (Pa. Super. 2016) (holding that where a claim on appeal is nonfrivolous, counsel's petition to withdraw is denied).

Petition to withdraw denied. Judgment of sentence vacated. Case remanded for resentencing in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>06/25/2026</u>